*Flores v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

————————

August Term, 2017

(Submitted: November 22, 2017      Decided: March 15, 2018)

Docket No. 16-3981

————————

EDUARDO FLORES, PATRICIA FLORES,

*Plaintiffs-Appellants,*

– v. –

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

————————

B e f o r e:

KATZMANN, *Chief Judge*, WALKER, CALABRESI, *Circuit Judges.*

————————

Plaintiffs Eduardo and Patricia Flores (husband and wife) appeal from the decision of the United States District Court for the Eastern District of New York (Wexler, *J.*) awarding summary judgment to the Government dismissing the Floreses' claims brought under the Federal Tort Claims Act ("FTCA"). The district court concluded that the FTCA's two-year statute of limitations barred Mr. Flores' claims, that his claims were not saved by the continuing violation

doctrine or equitable tolling, and that Mrs. Flores had failed to exhaust her administrative remedies. We find no error and AFFIRM the judgment of the district court.

_____

Sandra Lynn Greene, Greene Fitzgerald, Advocates & Consultants, York, PA, *for Plaintiffs-Appellants*.

Robert B. Kambic, Varuni Nelson, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Defendant-Appellee*.

_____

PER CURIAM:

This appeal calls on us principally to decide whether claims brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, were timely filed in federal district court. We conclude that the district court committed no error in finding that the claims were filed outside of the statute's two-year statute of limitations and were not saved by the continuing violation doctrine or equitable tolling. We accordingly AFFIRM the judgment below.

Plaintiff-Appellant Eduardo Flores, a native of Ecuador, legally entered the United States in 1978 but overstayed his visa. He subsequently applied for legal permanent resident ("LPR") status, which the Immigration and Naturalization

2

Service ("INS") granted on July 3, 1979. INS stamped his Ecuadorian passport the same day with an insignia reading "temporary evidence of lawful admission for permanent residence valid until 1-2-80." App. 24.

Approximately five months later, on November 9, 1979, INS denied Mr. Flores' application for adjustment of status and gave him until December 9, 1979 to voluntarily depart from the country. Mr. Flores remained, and on January 17, 1994, an immigration judge ("IJ") ordered that Mr. Flores be deported. The Board of Immigration Appeals ("BIA") dismissed Mr. Flores' appeal on August 15, 2000.

On or about August 12, 2008, Mr. Flores was arrested at his home and placed into immigration detention. He was held for approximately three months until he was placed on supervised release.[1] Mr. Flores subsequently filed a

---

[1] The Order of Supervision stated in relevant part that the conditions of release were imposed "[b]ecause the Department [of Homeland Security] has not effected your deportation or removal during the period prescribed by law," and required, *inter alia*, that Mr. Flores not travel outside a certain geographical radius without first notifying the department at least 48 hours in advance. App. 84.

motion with the BIA to reopen his removal proceedings. The BIA granted the motion and Mr. Flores moved in immigration court to terminate the removal proceedings.

The IJ granted Mr. Flores' motion by decision and orders dated December 2, 2010, finding that Mr. Flores had been granted LPR status by virtue of the stamp placed in his passport on July 3, 1979, and that status had not been properly rescinded. Although the Government initially sought to appeal the IJ's decision, it withdrew its appeal, and the BIA closed the case by order dated May 3, 2011.

On November 4, 2011, Mr. Flores received a notice from the United States Citizenship and Immigration Services ("USCIS") requesting that he report to its Manhattan location on November 11, 2011 for a "[r]eview of your IJ decision, and LPR status." *Id.* at 68. The notice stated that "it is important that you keep this appointment" and "if you are unable to do so, state your reason, sign below and return this letter to the office below at once." *Id.* Mr. Flores appeared at the interview and, at its conclusion, was given a second stamp in his passport

4

indicating that he was a lawful permanent resident. He received his lawful permanent resident card ("green card") in November 2012.

On November 11, 2013, Mr. Flores, through counsel, sent administrative claims to four federal entities pursuant to § 2675(a) of the FTCA. The statute provides a limited waiver of the United States' sovereign immunity from suit in "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). However, before an FTCA suit can be filed in the district court, "the claimant shall have first presented the claim to the appropriate Federal agency," *id.* § 2675(a), and the statute makes clear that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues," *id.* § 2401(b).

After the relevant federal entities denied his claims, Mr. Flores and his wife, Plaintiff-Appellant Patricia Flores, filed this action in the district court in November 2014. The Floreses cited the FTCA as the jurisdictional basis of their suit and asserted that the actions of the United States set forth in the complaint

constituted false arrest and imprisonment, assault, battery, intentional infliction of emotional distress, negligence, invasion of privacy, malicious prosecution, and abuse of process under the laws of the state of New York.

The Government moved to dismiss for failure to state a claim or, in the alternative, for summary judgment. The district court granted summary judgment for the Government on September 30, 2016, holding that: (1) Mr. Flores failed to timely present his administrative claims within the two-year statute of limitations; (2) the "continuing violation doctrine" did not apply to this action; (3) Mr. Flores failed to establish entitlement to equitable tolling of the limitations period; and (4) Mrs. Flores failed to exhaust her administrative remedies because she never filed her own administrative claims with the Government. *Flores v. United States*, No. CV 14-6614, 2016 WL 6094187, at *6-8 (E.D.N.Y. Sept. 30, 2016). The district court entered final judgment for the Government on September 30, 2016, and the Floreses timely appealed.

We review the district court's grant of summary judgment *de novo*. *Spak v. Phillips*, 857 F.3d 458, 461 (2d Cir. 2017). While we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of [the non-

moving party]," *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003), "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment," *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996).

The Floreses principally argue on appeal that the continuing violation doctrine tolled the statute of limitations until the date that Mr. Flores received his green card because it was only then that the Government could inflict no further injuries. We disagree.

The continuing violation doctrine provides that "[w]hen a plaintiff experiences a continuous practice and policy [that violates his or her rights], . . . the commencement of the statute of limitations period may be delayed until the last [violation]." *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994) (citations and internal quotation marks omitted) (discussing the doctrine in the 42 U.S.C. §§ 1983, 1985 contexts); *see also Syms v. Olin Corp.*, 408 F.3d 95, 108-09 (2d Cir. 2005) (discussing the doctrine in the FTCA context and the possible relevance of state law in that context). Mr. Flores, however, has not shown a continuous practice or policy that violated his rights. His injuries ceased after the IJ's order

7

recognizing his LPR status became final on May 3, 2011, when the Government withdrew its appeal. From that point on, Mr. Flores was not (and could not be) subject to deportation, and was no longer (and could no longer be) subject to supervised release.

The Floreses' argument to the contrary, that Mr. Flores suffered injury by attending the November 2011 interview with USCIS, is without basis. There is no evidence in the record that the interview was for the purpose of revoking Mr. Flores' LPR status, and the scheduling notice sent by the Government does not state that the interview was mandatory or that Mr. Flores would suffer any repercussions for not reporting. Moreover, the record shows the Government stamped Mr. Flores' passport at the interview's conclusion to evidence that he was a lawful permanent resident—an undisputedly favorable development. The Floreses' speculation about USCIS' motive for scheduling the interview accordingly is insufficient to create a genuine dispute of material fact precluding summary judgment. *See Kulak*, 88 F.3d at 70-71.

CONCLUSION

We have considered the Floreses' remaining contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.