16-3717-cv
Maxon Hyundai Mazda v. Carfax, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand eighteen.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
                    *Circuit Judges*,
          PAUL G. GARDEPHE,
                    *District Judge.*[*]

------------------------------------------------------------------------
MAXON HYUNDAI MAZDA, ET AL.,[†]
          *Plaintiffs-Appellants*,

          v.                                          No. 16-3717-cv

CARFAX, INC.,
          *Defendant-Appellee*.
------------------------------------------------------------------------

APPEARING FOR APPELLANTS:    JOSHUA P. DAVIS, Joseph Saveri Law Firm, Inc., San Francisco, California (Joseph R. Saveri, Ryan J. McEwan, Joseph Saveri Law Firm, Inc., San Francisco, California; Eric L. Cramer, David A. Langer, Berger & Montague, P.C., Philadelphia, Pennsylvania; Leonard A.

--------

[*] Judge Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

[†] Due to the length of the full caption in this case, this court granted plaintiffs' request for the parties to use a shortened caption, which this court also here uses.

Bellavia, Steve H. Blatt, Bellavia Blatt Crossett, P.C., Mineola, New York, *on the brief*).

APPEARING FOR APPELLEE:    JAMES L. COOPER (Sarah E. Warlick, *on the brief*), Arnold & Porter Kaye Scholer LLP, Washington, D.C.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 30, 2016, is AFFIRMED.

Plaintiffs, more than 450 used car dealers, brought this antitrust action against defendant Carfax, Inc. ("Carfax"), the largest provider of Vehicle History Reports ("VHRs"). Plaintiffs allege that Carfax's exclusive dealing agreements with used car listing websites Autotrader and Cars.com (the "Website Agreements"), as well as with car manufacturers in connection with the manufacturers' Certified Pre-Owned programs (the "CPO Agreements"), violate Sections 1 and 2 of the Sherman Act. *See* 15 U.S.C. §§ 1, 2. The parties agreed to an expedited summary judgment process, pursuant to which Carfax moved for partial summary judgment on the single question of whether its exclusive dealing agreements foreclosed competition in the sale of VHRs in violation of the Sherman Act. The parties agreed that a ruling for Carfax on that issue would warrant a final judgment in its favor on the entire case.

We review an award of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences and resolving all ambiguities in that party's favor. *See Townsend v. Benjamin Enters., Inc.*,

2

679 F.3d 41, 47 (2d Cir. 2012). Nevertheless, "[i]n the context of antitrust cases," this court has recognized that "summary judgment is particularly favored because of the concern that protracted litigation will chill pro-competitive market forces." *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 104 (2d Cir. 2002). In applying these principles here, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm substantially for the reasons stated by the district court in its thorough opinion. *See Maxon Hyundai Mazda v. Carfax, Inc.*, No. 13-cv-2680 (AJN), 2016 WL 7231941 (S.D.N.Y. Dec. 9, 2016).

*First,* Plaintiffs fault the district court for failing to hold Carfax to its summary judgment burden. Specifically, Plaintiffs argue that Carfax could not procure summary judgment by pointing to Plaintiffs' lack of evidence as to market foreclosure but, rather, was also required to adduce evidence belying such foreclosure. The argument fails because Plaintiffs do not dispute that, under the Sherman Act, they bear the burden to demonstrate the requisite market foreclosure. *See Geneva Pharm. Tech. Corp. v. Barr Labs. Inc.*, 386 F.3d 485, 506–07 (2d Cir. 2004) (recognizing plaintiffs' "burden to demonstrate the defendants' challenged behavior had an actual adverse effect on competition as a whole in the relevant market" (emphasis and internal quotation marks omitted)). Thus, precedent instructs that "[a] defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial," but, rather, can satisfy its burden by "point[ing] to an absence of proof on plaintiff's part." *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001).

3

*Second*, Plaintiffs challenge the district court's identification of errors in the report of their expert, Dr. Singer, which precluded any reasonable jury from adopting Dr. Singer's conclusion that Carfax's exclusive dealing agreements foreclosed a sufficient portion of the VHR market. Plaintiffs fault the district court's determination that Dr. Singer erroneously omitted from his analysis a portion of the VHR market, namely, VHRs based primarily on minimum data required by the National Motor Vehicle Title Information System ("NMVTIS"). We are not persuaded. The definition of the VHR market is here controlled by the parties' stipulation, which states that "the parties will assume . . . that the issue[] of the relevant market . . . as alleged in the Second Amended Complaint [is] resolved in Plaintiffs' favor, as the non-movants." App'x 790. Like the district court, we construe complaint allegations that "NMVTIS VHRs provide information on five key indicators" and "NMVTIS . . . encourages consumers . . . to obtain privately prepared VHRs containing all information required by NMVTIS" sold by "any of ten NMVTIS-approved" companies, including Carfax, to indicate that the stipulated market encompasses all such reports. *Id.* at 670 ¶¶ 485–86.

Nor did the district court err in faulting Dr. Singer's analysis for including non-exclusive CPO Agreements. Plaintiffs do not dispute the district court's determination that a majority of the CPO Agreements were non-exclusive and, thus, could not have foreclosed competition as a matter of law. Rather, Plaintiffs contend that the impact of this error is "minimal" and "likely . . . offset" by parts of Dr. Singer's analysis that understate the degree of foreclosure. Appellant Br. at 30–31. The argument fails because it is conjectural. *See Flores v. United States*, 885 F.3d 119, 122 (2d Cir. 2018)

4

(recognizing that "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment"). Like the district court, we conclude that the record here does not reliably demonstrate the impact that correcting Dr. Singer's error would have had on his foreclosure calculations.

No different conclusion is warranted by Plaintiffs' challenge to the district court's determination that Dr. Singer's analysis omits data of Carfax sales to non-dealer customers for 2008–11. Plaintiffs do not dispute either the omission or the conclusion that lower foreclosure estimates would result from inclusion. Rather, Plaintiffs fault Carfax for not timely producing this data, arguing that the district court should have excluded it. We review the district court's decision to admit such evidence for abuse of discretion, *see Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226 (2d Cir. 2000) (reviewing for abuse of discretion district court's reliance on evidence submitted with summary judgment reply papers), which we do not identify here. Plaintiffs' assertion that they were prejudiced by the late production is undermined by the fact that Plaintiffs' expert had the opportunity in his own reply report to recalculate his foreclosure estimate in light of the new data, but declined to do so. In any event, like the district court, we determine that even *without* obtaining the data—and even if the data produced by Carfax were unreliable, as Plaintiffs contend—Dr. Singer should have recognized the methodological flaw in including non-dealer sales for 2012 and 2013 in his analysis while omitting such sales for 2008–11.

*Third*, Plaintiffs challenge the district court's determination that the competitive characteristics of the VHR market do not support a substantial foreclosure finding. *See*

5

*Geneva Pharm. Tech. Corp. v. Barr Labs. Inc.*, 386 F.3d at 508 (recognizing that, "[i]n order not to condemn the positive aspects of exclusive dealing agreements, courts must take care to consider the competitive characteristics of the relevant market"). While Plaintiffs could survive summary judgment by showing that "defendant has sufficient market power to cause an adverse effect on competition" as well as "other grounds for believing the challenged restraint harms competition," *North Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 42 (2d Cir. 2018) (internal quotation marks omitted), we identify no such other grounds here.

As to barriers to entry, although Plaintiffs point to costs generally incurred by Carfax and its primary competitor, nothing in the record indicates whether such costs are necessarily incurred in entering the market. *See generally Kelco Disposal, Inc. v. Browning-Ferris Indus. of Vermont, Inc.*, 845 F.2d 404, 408 (2d Cir. 1988) (concluding "jury could have found that barriers to entry" were "not at all low" where record evidence showed "cost of entering the market"). With regard to evidence that some dealers preferred Carfax's competitor but nonetheless remained Carfax customers, such limited statements of customers' preferences are "not a sufficient empirical demonstration" of adverse effects on competition. *K.M.B. Warehouse Distibs., Inc. v. Walker Mfg. Co.*, 61 F.3d 123, 128 (2d Cir. 1995) (internal quotation marks omitted). Plaintiffs assert that they directly demonstrated harm to competition by showing increased VHR prices. While Plaintiffs could indeed show "harm to competition by proving higher prices . . . *in the market as a whole*," *MacDermid Printing Sols. LLC v. Cortron Corp.*, 833 F.3d 172, 182 (2d Cir. 2016) (emphasis added), that is not the showing they purport to make here.

6

Rather, Plaintiffs adduce evidence demonstrating only that prices increased for VHRs sold by Carfax to franchise dealers in 2010–12.[1]

Finally, while Plaintiffs also fault the district court for suggesting that the duration of the Website Agreements was not sufficient to raise antitrust concerns, the criticism is belied by the district court's decision. In light of the court's determination that "a reasonable jury could find that the Website Agreements foreclosed competition" and "had the practical effect of locking . . . dealers into buying Carfax VHRs," its subsequent statement that "*even* the Website Agreements" were "no longer than three to five years" is fairly read to make the limited point that even the longest agreements did not significantly undercut the overall conclusion that the agreements at issue were not "particularly long-term." *Maxon Hyundai Mazda v. Carfax, Inc.,* 2016 WL 7231941, at *10, 14 (emphasis added) (internal quotation marks omitted).

*Fourth*, Plaintiffs contend that the district court failed to consider whether Plaintiffs demonstrated sufficient foreclosure in the relevant *sub*markets. The district court concluded, based on the parties' stipulation, that the relevant market was defined by the complaint allegation that "[t]he publication and sale of VHRs in the United States is a relevant market for antitrust purposes." App'x 686 ¶ 539. We need not resolve whether the district court should also have considered the franchise dealer and independent dealer submarkets alleged in the complaint, because Plaintiffs' submarket foreclosure argument is premised on the same expert report as to which the district court properly identified

---

[1] We thus need not decide whether, as Carfax argues, Plaintiffs' pricing analysis is "entirely unreliable" in any event due to methodological flaws. Appellee Br. at 38.

concerns. Specifically, because Dr. Singer failed to include in his calculations all VHRs containing the minimum NMVTIS-specified information, and, as to franchise dealers, erroneously included non-exclusive CPO Agreements, the district court's determination that no reasonable jury could adopt Dr. Singer's conclusion as to foreclosure of the VHR market would obtain to submarkets as well as the overall market.[2]

*Fifth*, Plaintiffs allege that, notwithstanding dismissal of their claim under Section 1 of the Sherman Act, *see* 15 U.S.C. § 1, they have adduced sufficient evidence to support monopolization and attempted monopolization claims under Section 2, *see id.* § 2. The argument fails because both monopolization and attempted monopolization claims require a showing of "anticompetitive conduct," *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 651 (2d Cir. 2015) (internal quotation marks omitted), and we have already explained that Plaintiffs have not adduced evidence supporting the theory of anticompetive conduct on which all of their claims are premised—namely, that Carfax substantially foreclosed competition in the VHR market through its exclusive arrangements. Like the district court, we are not persuaded by Plaintiffs' argument, presented cursorily on appeal, that they have otherwise adduced evidence sufficient to show that Carfax violated Section 2.

---

[2] To the extent Plaintiffs now suggest a submarket of *all* dealers—as opposed to non-dealer VHR customers—the complaint alleges no such submarket.

We have considered all of Plaintiffs' remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court