Russell v. Aid to Developmentally Disabled, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand eighteen.

PRESENT:
> Guido Calabresi,
> Debra Ann Livingston,
> > *Circuit Judges,*
> Lorna G. Schofield,*
> > *District Judge.*

---

Faye Russell,

> *Plaintiff-Appellant*,

> v.                                                             17-3417

**Aid to Developmentally Disabled, Inc., Donald Reib, Individually and as Executive Director of Aid to Developmentally Disabled, Inc., Stacey Rhodes, Individually and as Residential Manager of Aid to Developmentally Disabled, Inc., Shirley Wanat, Individually and as Program Director for Aid to Developmentally Disabled, Inc., Christina Noll, Individually and as Human Resources Manager, Aid to Developmentally Disabled, Inc.,**

---

* Judge Lorna G. Schofield, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendants-Appellees,*

**Sallyann Burgess, Individually and as Quality Assurance Manager, Aid to Developmentally Disabled, Inc., Victor Taylor, Individually, Gerald Huber, Individually, Richard Lopez, Individually,**

      *Defendants.*

——————————————————————

FOR PLAINTIFF-APPELLANT:    Faye Russell, *pro se*, East Hampton, N.Y.

FOR DEFENDANTS-APPELLEES:   John J. Porta, Esq. (Richard Bahrenburg, Esq., Collin O'Connor Udell, Esq., Marc S. Wenger, Esq., *on the brief*), Jackson Lewis P.C., Melville, N.Y.

  Appeal from judgment of the United States District Court for the Eastern District of New York (Hall, *J.*).

  **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

  Appellant Faye Russell ("Russell"), proceeding *pro se*, appeals from the district court's grant of summary judgment in favor of Defendants Aid to Developmentally Disabled, Inc. ("ADD"), her former employer, and Donald Rieb, Stacey Rohde, Paula Wanat, and Christina Noll,[1] Plaintiffs' former supervisors and coworkers, on her claims of gender discrimination pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*,[2] and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and retaliation pursuant to the

———————————

[1] We, like the district court, spell Defendants' names as they are spelled in their own submissions.

[2] The Title VII claim is asserted only against ADD as Title VII does not apply to coworkers and supervisors. *See Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014).

NYSHRL.  She also appeals from the district court's denial, in part, of her motion for leave to amend her second amended complaint.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.  Summary Judgment

"We review *de novo* the award of summary judgment, 'constru[ing] the evidence in the light most favorable to the [nonmoving party]' and 'drawing all reasonable inferences and resolving all ambiguities in [its] favor.'"  *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018) (alterations in original) (quoting *Darnell v. Pineiro*, 849 F.3d 17, 22 (2d Cir. 2017)). Nonetheless, "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment."  *Flores v. United States*, 885 F.3d 119, 122 (2d Cir. 2018) (internal quotation marks omitted) (quoting *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996)).

In determining the undisputed facts for purposes of the summary judgment motion, the district court determined that Russell generally did not comply with Local Civil Rule 56.1 of the Southern and Eastern Districts of New York, which provides that "[e]ach numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."  *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.").  In analyzing Russell's Statement of Disputed Facts in Opposition to Defendants' Rule 56.1 Statement, the district court deemed admitted: (1) those facts that Russell—

3

who was then represented by counsel—responded to by stating, for example, she "lacks sufficient knowledge or information to admit or deny"; (2) statements of denial that were not supported by citations to record evidence, or cited, for example, an entire deposition transcript without a point cite; and (3) responses where Russell stated she could not admit or deny as worded, or lacked information sufficient to admit or deny Defendants' facts. In a case such as this, containing extensive filings and voluminous exhibits, where the district court conducted "at least some scrutiny of the record independent of [Russell's] Local Rule 56.1 statement," *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001), and defendants properly cited to the record to support their facts, the district court did not abuse its discretion in requiring compliance with the Local Rule and crediting as undisputed those facts that Russell did not properly controvert in her opposition. *See N.Y. State Teamsters Conference Pension & Ret. Fund v. Express Servs. Inc.*, 426 F.3d 640, 648-49 (2d Cir 2005) ("Rules governing summary judgment practice are essential tools for district courts, permitting them to efficiently decide summary judgment motions by relieving them of the onerous task of hunting through voluminous records without guidance from the parties." (internal quotation marks and brackets omitted)).

The district court properly granted summary judgment to Defendants on the Title VII and NYSHRL gender discrimination claims. Both claims are governed by the familiar *McDonnell Douglas* three-step burden-shifting framework, under which a plaintiff must first make out a *prima facie* case of discrimination by showing that "(1) she was within the protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 75 (2d Cir. 2016) (internal quotation marks omitted); *see*

4

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). The burden of production then shifts to the defendant to demonstrate a legitimate, non-discriminatory reason for the adverse employment action. If the defendant succeeds, "the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination." *Walsh*, 828 F.3d at 75 (internal quotation marks omitted).

The district court held that Russell failed to establish a *prima facie* case of gender discrimination because she could not satisfy the fourth prong of that test. Based on the record before the district court, the evidence was insufficient to show that Russell's termination occurred under circumstances giving rise to an inference of discrimination. Russell attempted to raise an inference of discrimination by identifying male employees who she claimed were not disciplined for violating company policies. For comparator evidence to establish an inference of discrimination, the plaintiff must show that the comparators were "similarly situated in all material respects." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (internal quotation marks omitted). An inference of discrimination does not arise here because Russell failed to point to any evidence showing that the male comparators' conduct was as extreme as hers. She also admitted that she did not know whether the comparators were disciplined for engaging in misconduct.

Moreover, the district court properly held that Russell's gender discrimination claims failed as well under the second and third prongs of the *McDonnell Douglas* burden-shifting framework. Russell was terminated in part for violating ADD's attendance policy, outlined in its employee handbook, which set forth rules regarding lateness and absenteeism. It was undisputed that

5

Russell was absent 44 times and late 85 times between February 2009 and January 2010. Applying ADD'S neutral attendance policy is "a neutral reason for the complained of action." *See Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014); *see also Raytheon Co. v. Hernandez*, 540 U.S. 44, 51–52 (2003) (applying *McDonnell Douglas* to an Americans with Disabilities Act claim to find that a neutral no-rehire policy was "by definition, a legitimate, nondiscriminatory reason" for the employer's failure to rehire the plaintiff). Russell pointed to no evidence that the enforcement of the attendance policy was a pretext for gender discrimination.[3] Russell's comparator evidence fails to establish pretext because there is insufficient evidence that her male comparators were similarly situated to her, and because the record shows that ADD disciplined male employees and even terminated them for conduct similar to, or even less egregious than, Russell's. Accordingly, the district court properly granted summary judgment on the discrimination claims.

The district court also properly granted summary judgment on Russell's NYSHRL retaliation claim, analyzed under the same *McDonnell Douglas* burden-shifting framework as Title VII retaliation claims. *See Summa v. Hofstra Univ*., 708 F.3d 115, 125 (2d Cir. 2013). To make out a *prima facie* case of retaliation, a plaintiff must show that: "(1) she engaged in a protected activity; (2) her employer was aware of this activity; (3) the employer took adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the

---

[3] Indeed, Russell repeatedly alleged that the application of the attendance policy to terminate her was pretext for something else entirely—namely, the complaints she allegedly made about treatment of the residents at the facility where she worked. However, even if these claims were nonconclusory and properly supported by evidence, they would not bring her termination within the ambit of Title VII or the NYSHRL.

6

protected activity." *Id.* (quoting *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 608 (2d Cir. 2006)). "Once a *prima facie* case of retaliation is established, the burden of production shifts to the employer to demonstrate that a legitimate, nondiscriminatory reason existed for its action." *Id.* (quoting *Raniola v. Bratton*, 243 F.3d 610, 625 (2d Cir. 2001)). If the employer demonstrates such a reason, the burden shifts back to the plaintiff to adduce evidence from which a rational finder of fact could infer "that the desire to retaliate was the but-for cause of the challenged employment action." *See Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70 (2d Cir. 2015) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013)).

Russell's retaliation claim, like her gender discrimination claims, foundered on the fourth prong of the *prima facie* test; the evidence in the record is insufficient to show a causal connection between her termination and her complaints about disparate treatment based on gender. Although she asserted that she complained to others at ADD about gender discrimination and differential treatment, she could not recall when she made any of those complaints. Without being able to rely on temporal proximity between the complaints and her termination, Russell failed to make out a *prima facie* case of retaliation. *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013) (holding that the plaintiff demonstrated causation at the prima facie stage because there was only a three-week gap between her complaint and her termination). The district court did not err in granting summary judgment on this claim.

## II.  Denial of Motion to Amend

We review the denial of a motion to amend for abuse of discretion. *See Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999); *see also Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) ("An abuse of discretion may consist of an erroneous view of

7

the law, a clearly erroneous assessment of the facts, or a decision that cannot be located within the range of permissible decisions."). "Leave to amend may properly be denied if the amendment would be futile, as when the proposed new pleading fails to state a claim on which relief can be granted." *Id.* (internal citation omitted). The district court denied Russell's motion to amend her complaint to add (1) a § 1983 claim against three New York State employees; (2) a New York Labor Law § 740 claim; and (3) a NYSHRL retaliation claim against ADD employee Sallyann Burgess. We discern no error in any of these determinations.

Regarding Russell's § 1983 claim, the district court held that Russell lacked standing because she could not establish causation, i.e. "a fairly traceable connection between the asserted injury-in-fact and the alleged actions of the defendant." *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008) (internal quotation marks omitted). The proposed claim failed to allege facts from which it could be inferred that the putative state defendants' failure to address Russell's complaints was related to the decision to terminate her. Accordingly, the district court did not abuse its discretion in denying the motion to amend to add this claim.

The district court held that the proposed claim under New York Labor Law § 740 was, *inter alia*, time barred. Section 740 creates a cause of action in favor of an employee against whom an employer has retaliated for disclosing to a public body the employer's violation of the law which "creates and presents a substantial and specific danger to the public health or safety." N.Y. Labor Law § 740(2)(a). The applicable statute of limitations for such claims is one year. *Id.* § 740(4)(a). The alleged retaliation—Russell's termination—occurred on July 6, 2010. She filed her initial complaint on January 27, 2012, over six months after the statute of limitations

8

expired. Accordingly, the district court did not abuse its discretion in denying leave to amend to add this cause of action.

Nor did the district court abuse its discretion by denying Russell's motion to amend to add an NYSHRL retaliation claim against ADD employee Burgess. When it dismissed the NYSHRL retaliation claim against Burgess in Russell's first amended complaint, the district court provided an explanation of the pleading deficiencies. Russell was given another opportunity to attempt to establish Burgess's liability in her proposed amended complaint. The district court held that the new allegations also failed to allege facts showing that Burgess contributed in any way to Russell's termination or engaged in any discrimination or retaliation involving Russell. Because Russell, when provided an opportunity, did not cure the deficiencies in this claim, the district court was not required to give her another opportunity to cure deficiencies that she had already failed to correct.

On September 27, 2018, Defendants filed a motion to strike certain materials that Russell attempted to add into the record via a letter, which was received by the Court on September 20, 2018. However, given that Russell requested that we withdraw that letter, which we allowed, we now **DENY** Defendants' motion as moot.

We have considered Russell's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9