18-3188-bk
*In re: Lehman Bros. Holdings Inc., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand nineteen.

PRESENT:   JON O. NEWMAN,
           DENNY CHIN,
           JOSEPH F. BIANCO,
                  *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE: LEHMAN BROTHERS HOLDINGS INC.,
LEHMAN BROTHERS INC.,

                  *Debtors*,

344 INDIVIDUALS, IDENTIFIED IN THE NOTICES
OF APPEARANCES OF ECF DKT NOS. 8234, 8905
& 9459,

                  *Appellants*,

                  v.                                    18-3188-bk

JAMES W. GIDDENS, AS TRUSTEE FOR THE SIPA
LIQUIDATION OF LEHMAN BROTHERS INC.,

                  *Trustee-Appellee*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS: RICHARD J.J. SCAROLA (Alexander Zubatov, *on the brief*), Scarola Zubatov Schaffzin PLLC, New York, New York.

FOR DEFENDANT-APPELLEE: JAMES C. FITZPATRICK (Karen M. Chau, *on the brief*), Hughes Hubbard & Reed LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-appellants ("Plaintiffs"), former employees of Shearson Lehman Brothers Inc. ("Shearson") and current creditors of Lehman Brothers Inc. ("LBI"), appeal from a September 27, 2018 judgment of the district court (Torres, *J.*) affirming an order of the bankruptcy court (Chapman, *B.J.*) holding that Plaintiffs' claims are subordinated to the claims of LBI's general unsecured creditors. In a memorandum decision entered July 13, 2017, the bankruptcy court granted summary judgment to defendant-appellee James W. Giddens, trustee for the Securities Investor Protection Act ("SIPA") Liquidation of Lehman Brothers Inc. (the "Trustee"), and denied Plaintiffs' cross-motion for summary judgment. The district court affirmed and explained its reasoning in an opinion entered September 26, 2018. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Review of an order of a district court issued in its capacity as an appellate court is plenary. *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir. 1990). The factual determinations and legal conclusions of the bankruptcy court are thus reviewed independently by this Court. *Id.* The bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*. *Id.* We review *de novo* a grant or denial of summary judgment, viewing the record in the light most favorable to the party against whom summary judgment was sought. *See Flores v. United States*, 885 F.3d 119, 122 (2d Cir. 2018) (per curiam).

In 1985, Shearson established an employee-funded deferred compensation pension plan, the Executive and Select Employees Deferred Compensation Plan (the "ESEP"). Plaintiffs voluntarily entered into the ESEP, signing individual agreements with Shearson (the "ESEP Agreements").[1] Plaintiffs agreed to defer portions of their compensation in return for certain tax benefits and a favorable interest rate.

Section 5(d) recognized that payments under the ESEP were subordinated obligations:

> The payments to be made by Shearson to Employee
> hereunder are unsecured subordinated obligations of
> Employer only, and Employee is only a general
> subordinated creditor of Shearson in that respect.

J. App'x at 193.

---

[1] The parties provide one exemplar ESEP Agreement, J. App'x at 189-206, and agree that the Agreements signed by all Plaintiffs follow the model.

3

Section 9 detailed the subordination provisions, with 9(d) discussing the implications of liquidation pursuant to SIPA:

> Employee irrevocably agrees that the obligations of Shearson hereunder with respect to the payment of amounts credited to his deferred compensation account are and shall be subordinate in right of payment and subject to the prior payment or provision for payment in full of all claims of all other present and future creditors of Shearson whose claims are not similarly subordinated . . . .  In the event of . . . liquidation pursuant to [SIPA] . . . the Employee shall not be entitled to participate or share, ratably or otherwise, in the distribution of the assets of Shearson until all claims of all other present and future creditors of Shearson, whose claims are senior to claims arising under this agreement, have been fully satisfied or provision has been made therefor.

J. App'x at 201-02.

Finally, Section 11 provided that the ESEP Agreements were binding on successors and assigns:

> This agreement shall be binding upon Employee and Employee's heirs and legal representatives and upon Shearson and Shearson's successors and assigns.

J. App'x at 206.

In 2009, after LBI commenced these liquidation proceedings in the bankruptcy court, Plaintiffs submitted claims for deferred compensation under the ESEP Agreements.  After many years of litigation, the bankruptcy court granted summary judgment to the Trustee, ruling, based on the provisions of the ESEP Agreements, that Plaintiffs' claims are subordinated to the claims of LBI's general

4

unsecured creditors. For substantially the reasons set forth by the bankruptcy court and the district court in their respective decisions, we agree. We add only the following.

As set forth in the above-quoted provisions, the ESEP Agreements clearly and unambiguously provide for subordination. Plaintiffs' arguments that they are not bound by the subordination provisions are unpersuasive.

First, Plaintiffs' argument that the subordination provisions apply only to Shearson and not to LBI fails, because LBI clearly is a continuation of Shearson. Indeed, Plaintiffs submitted their claims for deferred compensation in the LBI liquidation proceedings. While Shearson underwent a series of name changes, it was never dissolved as a corporation. Moreover, even assuming LBI is a "successor" to Shearson, Section 11 unambiguously provides that "[t]his agreement shall be binding upon . . . Shearson and Shearson's successors and assigns." J. App'x at 206. The subordination provisions accordingly apply whether LBI is a continuation of or successor to Shearson.

Second, while Plaintiffs are correct as a general matter that a material breach excuses performance by the other party to a contract, *see Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Turtur*, 892 F.2d 199, 204 (2d Cir. 1989), the Trustee is not seeking to compel performance but rather only to correctly classify Plaintiffs' claims in the SIPA liquidation. *See In re Stirling Homex Corp.*, 579 F.2d 206, 211 (2d Cir. 1978) (noting that the "classification of claims is simply a method of recognizing difference in rights of creditors which calls for difference in treatment" (internal quotation marks omitted)).

5

Further, even if LBI did materially breach the contract, this would not transform Plaintiffs' subordinated claims into unsubordinated claims. Accordingly, Plaintiffs' argument that LBI breached the ESEP Agreements, thereby rendering the subordination provisions unenforceable, fails.

Finally, even assuming *arguendo* that the ESEP Agreements are rejected executory contracts, "rejection merely frees the estate from the obligation to perform; it does not make the contract disappear." *In re Lavigne*, 114 F.3d 379, 386-87 (2d Cir. 1997) (alteration omitted and internal quotation marks omitted). Rejection would not, then, affect the subordination provisions or render Plaintiffs' subordinated claims unsubordinated.

\* \* \*

We have considered Plaintiffs' remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6