19-3912-cv
*Bigsby v. Barclays Capital Real Estate Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

   At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-one.

PRESENT: JOSÉ A. CABRANES,
     REENA RAGGI,
     RICHARD J. SULLIVAN,
        *Circuit Judges.*

---

LAMAR BIGSBY, JR. *on behalf of himself and all others similarly situated*, HERMAN GRIMES, MARIA BRANDT, KATHLEEN MURRY,

     *Plaintiffs-Appellants,*       19-3912-cv

     v.

BARCLAYS CAPITAL REAL ESTATE, INC., DBA HOMEQ SERVICING CORPORATION,

     *Defendant-Appellee,*
JOHN DOES 1–20,

     *Defendants.*[*]

---

**FOR PLAINTIFFS-APPELLANTS:**     PAUL S. GROBMAN, New York, NY.

---

 [*] The Clerk of Court is directed to amend the case caption as set forth above.

**FOR DEFENDANT-APPELLEE:**                    SERRIN A. TURNER, (James E. Brandt, New York, NY; Roman Martinez, Samir Deger-Sen, Washington, D.C. *on the brief*), Latham & Watkins LLP, New York, NY.

Appeal from a March 28, 2018 order and a July 22, 2019 judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby are **AFFIRMED**.

Plaintiffs-Appellants Lamar Bigsby, Jr., Herman Grimes, Maria Brandt, and Kathleen Murry ("Plaintiffs"), borrowers on home loans serviced by Defendant-Appellee Barclays Capital Real Estate Inc. ("Barclays"), appeal the District Court's dismissal of their claims against Barclays for breach of contract, unjust enrichment, and violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* and California Civil Code § 2924c. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As relevant to this appeal, Plaintiffs' Second Amended Complaint ("SAC") asserted claims arising out of three unlawful schemes Barclays allegedly perpetrated: (1) charging Plaintiffs more for attorneys' fees than the attorneys were allowed to charge in their agreements with Barclays ("Inflated Fees Scheme"), (2) permitting the attorneys' fees to be unethically split between attorneys and non-attorneys ("Fee-Splitting Scheme"), and (3) charging Plaintiffs late fees after acceleration of Plaintiffs' loans, in violation of the loan agreements ("Late-Fees Scheme").

In its March 28, 2018 Opinion and Order granting in part Barclays's motion to dismiss under Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss Order") the District Court dismissed Plaintiffs' UCL claims based on the Inflated Fees Scheme (along with other claims not at issue in this appeal). The District Court held that the alleged behavior constituting the Inflated Fees Scheme amounted at most to a failure by Barclays to take advantage of an available discount, and was not, contrary to Plaintiffs' assertions, either "fraudulent" or "unlawful" under the UCL.[1]

---

[1] The UCL proscribes "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The District Court also dismissed Plaintiffs' UCL claims based on the Fee-Splitting Scheme, but, on reconsideration, reinstated the claim to the extent Plaintiffs argued that the Fee-Splitting Scheme was "unlawful" under the UCL.

Barclays moved for summary judgment on Plaintiffs' surviving claims. In their opposition papers, Plaintiffs asserted for the first time that Barclays had charged them for attorneys' fees in excess of the sums the attorneys had actually billed Barclays (the "Overcharging Scheme") and had collected from Plaintiffs certain fees prohibited by California Civil Code § 2924c (the "Improper Collection Scheme"). Only Grimes opposed dismissal of the claims based on the Late-Fees Scheme.

In a thoughtful and meticulous Opinion and Order of July 20, 2019 (the "Summary Judgment Order"), the District Court granted Barclays' motion for summary judgment and dismissed Plaintiffs' surviving claims. As to the Inflated Fees and Fee-Splitting Schemes, the District Court held that Plaintiffs' unjust enrichment claim failed because it was precluded by the express contracts governing the subject matter of the claim and because Plaintiffs failed to show that Barclays benefited unjustly at their expense. Plaintiffs' surviving UCL claim based on the Fee-Splitting Scheme also failed, primarily because Plaintiffs proffered no evidence that non-attorneys collected money for anything other than nonlegal administrative fees. As to the Late-Fees Scheme, the District Court held that Grimes's breach of contract claim was time-barred and would in any case not lie against Barclays, which was not a party to, or assignee under, the relevant contract. Moreover, the court held, Grimes's express contract with the loan owner precluded his claim for unjust enrichment. Finally, the District Court declined to consider Plaintiffs' claims based on the Overcharging and Improper Collection Schemes because those schemes had been raised for the first time in opposition to summary judgment.

We review *de novo* both a district court's dismissal of a complaint for failure to state a claim[2] and a grant of summary judgment.[3] At the outset, we note that Plaintiffs first raised some of their arguments, at the earliest, as part of their motion to reconsider the Motion to Dismiss Order; we deem those arguments waived.[4] Specifically, Plaintiffs have waived their contentions that (1) Barclays was unjustly enriched because it retained a portion of attorneys' fees it charged to Plaintiffs,[5] (2) that the Inflated Fees scheme was "fraudulent" under the UCL because likely to deceive consumers, (3) that the Inflated Fees Scheme was "unfair" under the UCL, and (4) that the Inflated Fees Scheme was "unlawful" under the UCL because it violated the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 –1692p. Moreover, the District Court properly declined

---

[2] *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 99-–100 (2d Cir. 2015).

[3] *Flores v. United States*, 885 F.3d 119, 122 (2d Cir. 2018).

[4] "Generally, we will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003).

[5] Plaintiffs have abandoned on appeal their argument below that Barclays was enriched because the fees they collected from Plaintiffs relieved them of their debts to their attorneys.

to consider Plaintiffs' claims based on the tardily-asserted Overcharging and Improper Collection Schemes, and we likewise decline to consider such claims on appeal.

As to Plaintiffs' preserved arguments, we conclude that they were properly rejected by the District Court. We agree with the District Court that the SAC does not adequately allege that the Inflated Fees Scheme violated the UCL, that Plaintiffs failed to raise a triable issue as to the UCL and unjust enrichment claims based on the Fee-Splitting Scheme, that Grimes's breach of contract claim based on the Late-Fees Scheme does not lie against Barclays as a stranger to the contract, and that the existence of an express contract precludes Grimes's unjust enrichment claim. Therefore, substantially for the reasons stated by the District Court in its Motion to Dismiss Order and Summary Judgment Order, we affirm the District Court's dismissal of all Plaintiffs' claims.

## CONCLUSION

We have reviewed the remaining arguments raised by Plaintiffs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 28, 2018 order and the July 22, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk